DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID PUZIO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3034

[August 11, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 94-12537CF10A.

Ashley D. Kay and Kevin J. Kulik, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and James J. Carney, Sr. Assistant Attorney General, West Palm Beach, for appellee.

## *ON REMAND FROM THE SUPREME COURT OF FLORIDA*

GERBER, J.

In *Puzio v. State*, 278 So. 3d 82 (Fla. 4th DCA 2019) ("*Puzio I*"), we concluded the trial court erred when resentencing the defendant under section 775.082(1)(b)1., Florida Statutes (2017), because "no jury has found beyond a reasonable doubt that he actually killed, intended to kill, or attempted to kill the victims." *Id.* at 85-86. We further held the error was harmful because "[t]he record does not demonstrate beyond a reasonable doubt that a rational jury would have found the defendant killed, intended to kill, or attempted to kill the victim[s]." *Id.* at 86. However, rather than remanding for a de novo resentencing under section 775.082(1)(b)2., Florida Statutes (2017), pursuant to *Williams v. State*, 242 So. 3d 280 (Fla. 2018), we remanded for ministerial correction of the defendant's sentences under section 775.082(1)(b)2. because, during the resentencing hearing, the trial court already had stated "it equally finds a sixty-year sentence appropriate under section 775.082(1)(b)(2) in light of the facts of this case," thus conclusively showing the trial court would have imposed the same sentence. *Id.*

In *Puzio v. State*, No. SC19-1511, 2021 WL 2583946 (Fla. June 24, 2021) ("*Puzio II*"), our supreme court quashed *Puzio I* and remanded to this court with instructions to remand to the trial court for a de novo resentencing as required by *Williams*. *Puzio II*, 2021 WL 2583946, at *1. Our supreme court reasoned that, despite the trial court's statement, a ministerial correction of the defendant's sentences under section 775.082(1)(b)2. would fall short of the de novo resentencing which *Williams* requires. *Id.*

Based on the foregoing, we reverse and remand to the trial court for a de novo resentencing as required by *Williams* on the first degree murder counts under section 775.082(1)(b)2., Florida Statutes (2017). We affirm on the defendant's other arguments without further discussion.

*Affirmed in part, reversed in part, and remanded for de novo resentencing as instructed.*

CONNER, C.J., and METZGER, ELIZABETH, Associate Judge, concur.

\* \* \*

**No further motions for rehearing shall be permitted.**